Howard M. Bidna, #081604
hbidna@bidnakeys.com
Richard D. Keys, #105901
rkeys@bidnakeys.com
Evan M. Rothman, #271313
Bidna & Keys, APLC
5120 Campus Drive
Newport Beach, CA 92660
Tel: (949) 752-7030
Fax: (949) 752-8770

Attorneys for Plaintiff Julian A. Pollok

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN A. POLLOK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE VANGUARD GROUP, INC.;<br>VANGUARD MARKETING CORP.;<br>VANGUARD BROKERAGE<br>SERVICES; VANGUARD<br>FIDUCIARY TRUST COMPANY;<br>and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

**Parties**

1.      Plaintiff Julian A. Pollok (referred to herein as "Plaintiff" or "Pollok") is a resident of California.

2.      Defendants THE VANGUARD GROUP, INC. and VANGUARD MARKETING CORPORATION are Pennsylvania corporations which have registered as foreign corporations with the California Secretary of State to be

1

Bidna & Keys<br>A Professional Law Corporation<br>5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

♻ Recycled Paper

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

1  qualified to do business in California, and have consented to the exercise of

2  jurisdiction over them by the Courts of California.

3        3.     Defendant VANGUARD BROKERAGE SERVICES is an entity whose

4  exact form is unknown to Plaintiff.  VANGUARD BROKERAGE SERVICES does

5  business on a regular basis in the State of California and has consented to the exercise

6  of jurisdiction over it by the Courts of California.  Plaintiff is informed and believes,

7  and thereon alleges, that VANGUARD BROKERAGE SERVICES is "a division" of

8  VANGUARD MARKETING CORPORATION.

9        4.     Plaintiff is informed and believes, and therefore alleges, that Defendant

10  VANGUARD FIDUCIARY TRUST COMPANY is a bank and corporation with its

11  principal place of business in Pennsylvania.  VANGUARD FIDUCIARY TRUST

12  COMPANY is organized under Pennsylvania Banking Laws and does business on a

13  regular basis in the State of California and has consented to the exercise of

14  jurisdiction over it by the Courts of California.

15        5.     Plaintiff is informed and believes, and therefore alleges, that each of the

16  defendants designated herein as a fictitiously named defendant, DOES 1 through 50,

17  is in some manner responsible for the events and happenings herein referred to, either

18  contractually or in tort, and caused the damage to Plaintiff as herein alleged.

19        6.     Each of the Defendants was and is the agent, servant and employee of

20  each of the other defendants, and all of the things alleged to have been done by each

21  defendant were done in the capacity of and as agent of the other Defendants.

22        7.     Edward Salkin ("Dr. Salkin") died on June 12, 2014.  Dr. Salkin died

23  testate, and his will has been admitted to probate in the Orange County Superior

24  Court, Case No. 30-2014-00733494-PR-PL-CJC, styled as *Estate of Edward S.*

25  *Salkin*.  Pollok is the sole beneficiary of Dr. Salkin's estate. Pollok was appointed by

26  the Orange County Superior Court as Administrator with Will Annexed for Dr.

27  Salkin's estate and letters testamentary issued on March 16, 2015.  Previously, on

28  July 16, 2014, Pollok was appointed by the Orange County Superior Court as the

♺ Recycled Paper

Special Administrator for Dr. Salkin's estate. On or about May 10, 2017, Dr. Salkin's estate was closed and all assets of the estate, including any and all claims or causes of action against Defendants, were distributed to Plaintiff by order of the Superior Court of California, County of Orange.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

10. This Court has personal jurisdiction over the Defendants in that this action arises out of contracts and transactions between Dr. Salkin and Defendants in which, among other things, Defendants directed communications and solicitations to Dr. Salkin and Plaintiff in California and received monies for services from Dr. Salkin in California.

## FIRST CLAIM FOR RELIEF

(By Plaintiff Against All Defendants (Except Vanguard Fiduciary Trust Company) For Breach of Contract)

11. Plaintiff refers to and incorporates the foregoing allegations.

12. On or about June 4, 1997, Dr. Salkin opened a brokerage account with Defendants and signed a written contract with such Defendants with regard to such account. According to the terms of this agreement, Defendants were to invest Dr. Salkin's assets as requested by Dr. Salkin and liquidate and/or distribute the assets therein to Dr. Salkin or his designated beneficiaries on Dr. Salkin's request or, to Dr. Salkin's devisee(s), upon Dr. Salkin's death. Thereafter, Dr. Salkin made various

3

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

♻ Recycled Paper

Complaint

1    investments with and through such account with Defendants The Vanguard Group,

2    Inc., Vanguard Marketing Corporation, and Vanguard Brokerage Services.  Upon Dr.

3    Salkin's death, all rights and interests in the brokerage account and the investments

4    held in such account vested in Plaintiff, as Dr. Salkin's personal representative and

5    as the distributee of Dr. Salkin's estate.

6        13.    Because the contract involved the performance of services by

7    Defendants, the agreement gave rise to a duty of care which required that Defendants

8    perform such services in a competent and commercially reasonable manner.

9        14.    Dr. Salkin and Plaintiff performed everything on their part to be

10   performed under the contract.

11       15.    On or about July 28, 2014, Plaintiff, (then acting as the Special

12   Administrator for Dr. Salkin's estate) made demand on Defendants to transfer to

13   Plaintiff all of the stocks, securities and funds belonging to Dr. Salkin's estate so that

14   Plaintiff could control such assets and liquidate, sell or reinvest them as he deemed

15   appropriate.  At the time such demand was made, the value of the stocks, securities

16   and funds belonging to Dr. Salkin's estate was approximately $9,468,189.

17       16.    Defendants thereafter refused to turn over any stocks, securities, or funds

18   belonging to Dr. Salkin's estate in response to Plaintiff's demands.

19       17.    On March 11, 2015, Plaintiff obtained an order from the Orange County

20   Superior Court directing Defendants to turn over the stocks, securities and funds

21   belonging to Dr. Salkin's estate.

22       18.    Defendants did not allow Plaintiff access to the stocks, securities and

23   funds belonging to the estate until on or about March 19, 2015.  Plaintiff immediately

24   demanded that Defendants liquidate the stocks, securities, and funds and deliver the

25   proceeds to Plaintiff, in care of Plaintiff's investment advisor, First Foundation.  On

26   April 9, 2015, Defendants paid over to Plaintiff only the sum of $8,558,131.73.

27       19.    Defendants failed and refused to turn over to Plaintiff the stocks,

28   securities and funds belonging to Dr. Salkin's estate, or the value of same, when

4

Complaint

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Recycled Paper

1   Plaintiff demanded that they be turned over.  The total value of the stocks, securities

2   and funds that Defendants did eventually turn over to Plaintiff was at least $910,057

3   less than the total value of the stocks, securities and funds Defendants held when

4   demand was made.

5        20.    Defendants breached the contract by, among other things, (1) refusing

6   to distribute the assets within the brokerage account as demanded by Plaintiff and (2)

7   by failing to act in a competent and reasonable manner by "freezing" the accounts

8   and delaying distribution of the accounts. Defendants left the accounts in investments

9   that were steadily declining for more than nine months and refused to give Plaintiff

10  control of the brokerage account or the investments.

11       21.    As a direct, foreseeable and proximate result of Defendants breaches,

12  Plaintiff has been damaged in an amount to be determined according to proof, but in

13  no event less than $910,057.

14

15  **SECOND CLAIM FOR RELIEF**

16  (By Plaintiff Against All Defendants For Breach of Contract)

17       22.    Plaintiff refers to and incorporates the foregoing allegations.

18       23.    In addition to the assets described above, amongst the assets held by Dr.

19  Salkin at the time of his death were various stocks, securities, and funds held in an

20  IRA account maintained by and with Defendants.  Pollok was named as the sole pay

21  on death beneficiary of Dr. Salkin's IRA account, and upon Dr. Salkin's death, the

22  stocks, securities and funds held in the IRA became Pollok's property.   At the time

23  of Dr. Salkin's death, the total value of such stocks, securities, and funds was

24  approximately $2,021,749.68.  This second claim for relief relates to the IRA, only.

25       24.    On or about November 10, 1997, Dr. Salkin opened an IRA account with

26  Defendant Vanguard Fiduciary Trust Company and signed a written contract with

27  Vanguard Fiduciary Trust Company with regard to such account. The other

28  Defendants named in this claim for relief subsequently agreed to abide by the terms

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

5

♻ Recycled Paper

of such contract.  According to the terms of this contract, Defendants were to hold Dr. Salkin's accounts and investments on his behalf and liquidate and/or distribute the assets therein to Dr. Salkin or his designated beneficiaries on Dr. Salkin's request or, to Dr. Salkin's designated beneficiaries, upon Dr. Salkin's death.

25.   Because the contract involved the performance of services by Defendants, the agreement gave rise to a duty of care which required that Defendants perform such services in a competent and commercially reasonable manner.

26.   On July 28, 2014, Plaintiff made demand on Defendants to transfer and deliver the stocks, securities and funds held in the IRA account to Plaintiff as the sole pay on death beneficiary of the IRA account.   At the time such demand was made, the value of the stocks, securities and funds in the IRA account was approximately $2,121,289.

27.   Defendants failed and refused to turn over to Plaintiff the stocks, securities and funds in the IRA account, or the value of same, when Plaintiff demanded that they be turned over.  On March 11, 2015, Plaintiff obtained an order from the Orange County Superior Court directing Defendants to turn over the IRA account to Plaintiff.  On or about March 12, 2015, Defendants delivered to Pollok the sum of $1,528,877.  The total value of the stocks, securities and funds in the IRA Account that Defendants did eventually turn over to Plaintiff was at least $592,412 less than the total value of the stocks, securities and funds Defendants held when demand was made.

28.   Defendants breached the agreement described above by, among other things, (1)  refusing to distribute the assets within the IRA to Pollok on Dr. Salkin's death as required under the agreement; (2) by refusing to distribute the assets within the IRA to Plaintiff upon demand, and (3) by failing to act in a competent and reasonable manner with regard to the "freezing" of and delay in distributing the assets within the IRA account.  Defendants left the assets in the IRA in investments that were steadily declining for more than nine months and refused to give Plaintiff

6

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Recycled Paper

1    control of the IRA account or the investments.  Defendants also failed and refused to

2    comply with the provisions of California Financial Code § 1450, and such failure was

3    a further breach of contract.

4          29.    Dr. Salkin and Plaintiff performed all obligations required of them by the

5    terms of the contract alleged herein.

6          30.    As a direct, foreseeable and proximate result of Defendants breaches,

7    Plaintiff has been damaged in an amount to be determined according to proof, but in

8    no event less than $592,412.

9

10          Wherefore, Plaintiff prays judgment as follows:

11

12    <u>On the First Claim for Relief</u>

13    1.    For compensatory general and special damages in an amount to be

14    determined according to proof at trial, but not less than $910,057.

15    2.    For prejudgment interest thereon.

16

17    <u>On the Second Claim for Relief</u>

18    1.    For compensatory general and special damages in an amount to be

19    determined according to proof at trial, but not less than $592,412.

20    2.    For prejudgment interest thereon.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

Complaint

♻ Recycled Paper

<u>On All Claims for Relief</u>

    1.    For costs; and

    2.    For such other and further relief as the Court deems just and proper.

DATED: February 7, 2018          BIDNA & KEYS, APLC

By   /s/ Evan M. Rothman
_____

    Howard M. Bidna
    Richard D. Keys
    Evan M. Rothman
Attorneys for Plaintiff Julian A. Pollok

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

8

Complaint

Recycled Paper

## **DEMAND FOR JURY TRIAL**

Plaintiff Julian A. Pollok hereby demands a jury trial on all issues so triable.


DATED: February 7, 2018                          BIDNA & KEYS, APLC


                                                 By      /s/ Evan M. Rothman
                                                 _____
                                                         Howard M. Bidna
                                                         Richard D. Keys
                                                         Evan M. Rothman
                                                 Attorneys for Plaintiff Julian A. Pollok

Bidna & Keys
A Professional Law Corporation
5120 Campus Drive • Newport Beach, CA 92660 • (949) 752-7030

9